**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN WARNICK,                           *

    Plaintiff,                           *

v.                                       *          Civil Action No. CJC-25-1911

FRANK BISIGNANO,                         *
COMMISSIONER OF
SOCIAL SECURITY,                         *

    Defendant.                           *

**MEMORANDUM OPINION**

Plaintiff/Claimant Kevin Warnick petitions the Court for review of the Commissioner of

the Social Security Administration's (the "Commissioner") final decision involving his claim for

disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The

Court has considered the record and the parties' briefs. ECF Nos. 8, 11, 13–14. No hearing is

necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and

remands the Commissioner's decision to the Social Security Administration.

**PROCEDURAL HISTORY**

On July 12, 2021, Warnick filed applications for DIB and SSI alleging disability

beginning October 25, 2019. R. 237, 244. His claims were denied initially and upon

reconsideration. R. 121–30, 133–40. On Warnick's request, an administrative law judge ("ALJ")

held a hearing to review his claim. R. 35–63, 141. On May 20, 2024, the ALJ rendered her

decision in which she found that Warnick was not disabled. R. 14–29. Warnick requested review

of the ALJ's decision by the Social Security Appeals Council. R. 235–36. The Appeals Council

affirmed the ALJ's decision on May 5, 2025. R. 1–6. Warnick then timely petitioned for judicial review in this Court on June 12, 2025. ECF No. 1.

**THE ALJ'S DECISION**

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (DIB); 20 C.F.R. § 416.905(a) (same for SSI). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), as amended (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found that Warnick had not "engaged in substantial gainful activity since October 25, 2019, the alleged onset date." R. 17. At step two, the ALJ determined that Warnick had the following severe impairments: "Degenerative Disc Disease of the Cervical Spine; Emphysema/Chronic Obstructive Pulmonary Disease (COPD); Depression; Bipolar Disorder, II; Post-Traumatic

Stress Disorder (PTSD); Borderline Personality Disorder and Substance (Alcohol and Marijuana) Abuse." R. 17.[1] At step three, the ALJ found that Warnick "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 18. The ALJ then found that Warnick had the RFC to

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), except that he can frequently climb ramps and stairs, and can occasionally climb ladders, ropes, and scaffolds. [Warnick] can occasionally work in extremes of heat and cold, in humidity and in and around dust, odors, fumes and pulmonary irritants. [Warnick] can occasionally work at unprotected heights and around moving, mechanical parts. [Warnick] cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. [Warnick] can occasionally interact with supervisors, coworkers, and the public. [Warnick] can deal with infrequent changes in a routine work setting.

R. 21. At step four, the ALJ determined that Warnick was "capable of performing past relevant work as a Cleaner, Housekeeping." R. 27. At step five, the ALJ found that Warnick "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." R. 29. As a result, the ALJ concluded that Warnick had not been disabled since the alleged onset date of October 25, 2019. R. 29.

## STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The ALJ also found that Warnick had the non-severe impairments of "vitamin D deficiency and bradycardia." R. 17.

3

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

**DISCUSSION**

Warnick argues that the ALJ erred because: (1) the ALJ failed to define a production rate limitation in the RFC; (2) the ALJ failed to provide a narrative discussion about the amount of time Warnick could spend off task; (3); the ALJ's review of the state agency psychological opinions was not supported by substantial evidence; and (4) the ALJ improperly assessed several medical source opinions. ECF No. 11 at 7–8, 10–12. Because the Court agrees that the ALJ erroneously assessed some of the medical source opinions in the record, the remaining arguments need not be addressed.

An ALJ must assess the persuasiveness of medical opinions given by medical sources in the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ evaluates the persuasiveness of a medical opinion by considering, among other factors, the supportability and consistency of the opinion. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Lauren P. v. Dudek*, Civil Action No. SAG-24-0480, 2025 WL 754522, at *3 (D. Md. Mar. 10, 2025) (citation omitted). "In assessing consistency, the ALJ looks to the degree of cohesion between the medical opinion and 'the evidence from other medical sources and nonmedical sources in the claim.'" *Cody C. v. Bisignano*, Civil Action No. EA-24-3739, 2025 WL 3077642, at *4 (D. Md. Nov. 4, 2025) (citation omitted). The ALJ is "required by rule" to explain how they considered

4

the supportability and consistency factors in their opinion. *Drumgold*, 144 F.4th at 605; 20

C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[2] The ALJ must support their explanation by citing to

"specific objective evidence" in the record. *Shelley*, 61 F.4th at 358.

One way an ALJ can discount the supportability and consistency of a medical opinion is

by finding that it is vague or fails to use vocational terms by which the ALJ could assess the

medical opinion. *See Patrick v. Bisignano*, No. 4:24-CV-00097-RN, 2025 WL 2637664, at *7

(E.D.N.C. Sept. 12, 2025). To make a proper vagueness finding, "[a]n ALJ must explain what

parts of the medical opinion [s]he found vague." *Id.* (citing *Woods* v. *Berryhill*, 888 F.3d 686,

695 (4th Cir. 2018)) (collecting cases), *superseded on other grounds in Rogers v. Kijakazi*, 62

F.4th 872, 878–80 (4th Cir. 2023). A vagueness finding is erroneous and remand may be

warranted if the ALJ "did not discuss what aspects of th[e] opinion [s]he found overly vague."

*Woods*, 888 F.3d at 695.

Warnick argues that the ALJ erroneously assessed three sets of medical opinions by

making vagueness findings: (1) the medical opinion of Matthew Silver, M.D.; (2) the joint

medical opinions of Amy Lander, LCSW-C, and Erika Waynik, CRNP, PMH, and Lander and

Jessica Henderson, CRNP, PMH; and (3) Lander's testimony during the ALJ hearing. ECF No.

11 at 12. As the Court explains below, the ALJ properly assessed the first set but erroneously

assessed the second and third sets of medical opinions.

The ALJ properly assessed the opinion of Dr. Silver. The ALJ noted that Dr. Silver found

that Warnick could walk frequently, "has limitations in mentation," and that psychiatric

challenges could limit his employment. R. 25. The ALJ concluded that this opinion was

---

[2] The ALJ also may, but is not required to, explain how they considered the other factors of relationship with the claimant, the specialization of the medical source, and miscellaneous factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

generally persuasive. R. 25. As to the supportability of the opinion, the ALJ found that the opinion was supported by Dr. Silver's examinations, but that "the opinion that the claimant has limitations in mentation is vague and not held forth in vocationally relevant terms." R. 25. Warnick contends that this vagueness finding was erroneous, but the Court disagrees. The ALJ cited to specific language in Dr. Silver's opinion that she found was vague—that Warnick has "limitations in mentation." Additionally, the vagueness finding is supported by substantial evidence because it is unclear how limited Warnick's abilities are based on this statement (mild, moderate, marked, extreme), and the statement does not explain the type of mental function to which Warnick has limitations (such as understanding, remembering, and applying information or adapting or managing oneself). Accordingly, the ALJ did not err in assessing Dr. Silver's medical opinion.

The ALJ erred in assessing the two joint medical opinions: the Lander-Waynick opinion and the Lander-Henderson opinion. In both opinions, the ALJ stated in part that the medical experts found that Warnick had a "marked inability to concentrate" and a "marked inability to trust people." R. 25–26. The ALJ determined that both opinions were unpersuasive. R. 25–26. In particular, the ALJ discounted the supportability of the opinions because they were "not entirely held forth in vocationally relevant terms." R. 25–26. It is unclear what the ALJ was referring to when making this finding, as the ALJ did not include any reasoning on this point. In addition to lacking analysis, the ALJ's finding in this regard is also belied by the text of the joint medical opinions. Both the Lander-Waynick opinion and the Lander-Henderson opinion use vocationally relevant language, such as "marked," which the Social Security Regulations define as when "functioning in … [an] area independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1. It could be that the ALJ's finding that the

opinions are "not held forth in vocationally relevant terms" is unrelated to the opinions' use of the term "marked," but therein lies the problem. Without further explanation, the Court cannot determine why the ALJ discounted the supportability of the opinions and therefore cannot properly review whether the ALJ's assessment was supported by substantial evidence. *See Foster v. Comm'r of Soc. Sec. Admin.*, No. 820CV04319MBSJDA, 2022 WL 10199084, at *13 (D.S.C. Jan. 13, 2022) ("If the ALJ somehow determined that [the medical opinions were] not relying on these definitions, the ALJ failed to explain how [s]he reached that determination."), *R. & R. adopted*, No. 8:20-CV-04319-MBS, 2022 WL 391561 (D.S.C. Feb. 9, 2022).

Finally, the ALJ erred in assessing the testimony of Lander at the ALJ hearing. The ALJ explained that Lander testified that Warnick "has suicidal and homicidal ideations, and that his symptoms interfere with his daily functioning." R. 26. The ALJ found that this opinion was not persuasive because the opinion was "too vague to assess its consistency with the other evidence in file." R. 26. The ALJ's refusal to assess the consistency of the opinion flouts the Social Security Regulations and Fourth Circuit precedent, which require the ALJ to explain whether medical opinions are consistent with the record. *Drumgold*, 144 F.4th at 605; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Additionally, the ALJ's refusal is puzzling given that Lander's testimony appears comparable to other evidence in the record. *See, e.g.*, R. 735 (opinion of Dr. Deborah Reeves that "[Warnick] is significantly depressed and is at risk, daily, of self-harm" and that he may need assistance in managing financial benefits because of his mania and depression); R. 87 (opinion of Dr. Y Sagawa that Warnick, "due to fluctuations in his affective state, … is prone to difficulties in long-term consistency of performance"); R. 48 (testimony of Warnick that he cannot "leave the apartment because of the anxiety or because of what [he's] thinking"). Thus, the ALJ's explanation is erroneous because the ALJ failed to assess the consistency of

Lander's testimony and failed to elaborate on what qualities the testimony had that made the ALJ decline to assess its consistency altogether.

The ALJ erred in assessing the Lander-Waynik and Lander-Henderson joint medical opinions, as well as Lander's testimony during the hearing. Accordingly, remand is appropriate because the "ALJ fail[ed] to properly consider the supportability and consistency of a medical opinion." *Cody C.*, 2025 WL 3077642, at *4. The Court thus remands the case for further review. On remand, the ALJ should explain in further detail how she considered the supportability and consistency of the Lander-Waynik and Lander-Henderson joint medical opinions, as well as Lander's testimony. As to the arguments Warnick raised that the Court did not address, the ALJ is welcome to consider these arguments on remand. The Court expresses no opinion as to whether the ALJ's ultimate conclusion regarding Warnick's entitlement to benefits is correct.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

A separate order follows.

Date: April 28, 2026

                                           /s/
Chelsea J. Crawford
United States Magistrate Judge

8